## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 09-20673-CR-GRAHAM

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**LEON ANTHONY FREDERICK,**      <u>**REPORT AND RECOMMENDATION**</u>

      **Defendant.**

_____/

On or about November 1, 2010, court-appointed defense counsel Martin A. Feigenbaum ("Counsel") submitted a voucher application numbered FLS 09 2541 with appended time sheets requesting $51,679.84 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted an Ex-parte Motion For Approval of Attorney's Fees in Excess of Criminal Justice Act Cap and Memorandum of Law in Support ("Motion") in support of his voucher application. Counsel represented Defendant Leon Anthony Frederick ("Defendant") for approximately thirteen (13) months from his appointment on August 7, 2009 until September 23, 2010.

Counsel seeks $51,679.84 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Donald L. Graham entered an Order of Reference **[DE # 1391]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a)*; see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration
## of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

-2-

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. Defendant was one of numerous co-defendants charged with violations of Title 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine and cocaine base, and 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base. The grand jury later returned a Superseding Indictment which brought the total number of defendants in this case to thirty (30), including Defendant.

Still later, the grand jury returned a Second Superseding Indictment [DE # 811]. The Second Superseding Indictment [DE # 811] contained forty-three (43) counts. Defendant was named in Count I (conspiracy to possess with intent to distribute cocaine and cocaine base) and Counts X, XI, XII, XIII, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XIV, XVIII, XXX, XXXI, XXXIII, XXXIX, XXXXI (all charges of possession with intent to distribute cocaine base).

Defendant was also charged with two weapons offenses in the Second Superseding Indictment: Count XXXXII (possession of a firearm in furtherance of a drug trafficking crime) and Count XXXXIII (felon in possession of a firearm). The government alleged that Defendant was "engaged in a wide-ranging drug conspiracy and committed numerous

-3-

substantive drug offenses involving cocaine powder and cocaine base." (Motion at 1).  The government "maintained from the inception of the case [Defendant] was a leader/organizer of the main drug conspiracy" which "cover[ed] a span of more than two years."  (Motion at 2- 3).  According to the Penalty Sheets attached to the Superseding Indictment, Defendant faced a maximum term of life imprisonment on the conspiracy charge and on some of the possession charges, a term of forty years imprisonment on some of the possession counts and twenty years imprisonment on other possession counts. **[See DE # 811]**.  Defendant also faced a term of ten years imprisonment on each of the weapons charges. **[See DE # 811]**.

Second, the "Government furnished defense counsel with voluminous discovery, including sixty-two (62) CDs and DVDs containing written and recorded materials . . . . Among those materials were thousands of audio recordings relating to three wiretaps, including one placed on [Defendant's] telephone. The Government also provided thousands of 'line sheets' summarizing intercepted conversations involving [Defendant] and individuals the Government maintained were closely associated with him in the drug business." (Motion at 2).  The sheer volume of documents and evidence involved in this thirty (30) defendant case rendered this case more complex than the average case.

Third, the representation of Defendant required Counsel to make a number of court appearances in this case. Plaintiff represented Defendant at an initial appearance hearing (8/7/09), an initial arraignment/pre-trial detention hearing (8/14/09), at an arraignment proceeding after the grand jury returned the Superseding Indictment  (8/26/09) and at another arraignment proceeding after the grand jury returned the Second Superseding Indictment (4/2/10). Counsel also appeared at a show  cause hearing (3/16/10), a motion

-4-

to suppress hearing (3/19/10), an ex-parte hearing regarding CJA-21 vouchers (5/7/10) and a rule 29 and charge conference (6/18/10). Counsel also represented Defendant at a number of status conferences (9/4/09, 11/6/09, 11/20/09, 12/16/09, 1/13/10, 2/10/10, 3/4/10, 4/2/10, 7/15/10 and 7/26/10). Counsel also appeared at a calendar call (6/2/10).

Following Defendant's conviction, Counsel represented Defendant at a lengthy sentencing hearing (9/1/10 and 9/8/10). Defendant was sentenced to life imprisonment. **[See DE # 1324]**.

Fourth, Counsel engaged in extensive motion practice in this case. Prior to the trial, Counsel filed a Motion to Suppress Wiretap Evidence **[DE # 539]**, a Motion to Compel Early Production of Jenks Material **[DE # 550]** and a Second Motion to Suppress Physical Evidence **[DE # 573]**. Counsel also filed several motions in limine: a Motion in Limine to Exclude Transcripts **[DE # 1022]**, a Motion in Limine re: Exclusion of Ph ysical Evidence **[DE # 1049]** and a Motion in Limine to Exclude Government Witnesses **[DE # 1094]**. During the trial, Counsel filed three Motions For Mistrial **[DE # 1133, 1137, 1143]** and a Motion For Judgment of Acquittal **[DE # 1153]**. Following the trial, Counsel filed a Motion For New Trial **[DE # 1196]** and Objections Re: Presentence Investigation Report **[DE # 1239]**. Counsel also filed a post-trial Memorandum of Law Re: Forfeiture Hearing Waiver **[DE # 1277]**. Counsel's motion practice in this case was significant.

Fifth, this matter proceeded to trial. Although the majority of defendants in this case entered guilty pleas, Defendant proceeded to trial. "On June 7, 2010, trial commenced for [Defendant] and two of his Co-defendants, Bishop Capers and Larry Little. Trial ended on June 23, 2010 after twelve days of proceedings." (Motion at 3).

-5-

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

## *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 92.7 in-court hours totaling $11,469.00. The CJA administrator slightly decreased these figures to 91.2 hours totaling $11,304.00.

The CJA administrator also reviewed the 332.3 out-of-court hours sought by Counsel totaling $40,175.50. Counsel sought compensation for 77 hours for "Interviews and conferences". Counsel also sought compensation for 38.7 hours for "Legal research and brief writing", 4.2 hours in "Travel time" and 212.4 in "Investigative and Other work." The CJA administrator increased the total number of out-of-court hours to 332.7 for a total of $40,227.00.

Counsel also sought $35.34 in "Other Expenses." The CJA administrator made no change to this amount. The CJA administrator concluded that the total amount documented by Counsel in the voucher was $51,566.34.

## In-Court Hours[1]

Counsel requested compensation for 92.7 in-court hours totaling $11,469.00.  The

CJA administrator slightly decreased these numbers to 91.2 hours totaling $11,304.00.  I

approve this corrected total amount as reasonable.

## Out-of-Court Hours

In the voucher, Counsel sought compensation for 332.3 out-of-court hours.  The CJA

administrator reviewed the voucher and slightly increased the total amount claimed to

$40,227.00 (from $40,175.50).

Although the vast majority of Counsel's time entries are appropriate, Counsel included

some entries that are not compensable under the CJA:

| 5/24/10 | telcon with client's family re: status of case and delivery of client's court clothes | 0.1 hour (Eliminated) |
| 5/25/10 | telcon with client's sister re: timely delivery of court clothes, papers needed as potential trial exhibits, and other matters | 0.2 hours (Reduced to 0.1) |
| 5/26/10 | conference with Rosalind Smith, client's former girlfriend and mother of one of his daughters re: pick-up client's court clothes, background of case, potential for her to testify as defense witness, and other pretrial matters | 1.8 hours (Reduced to 1.0) |
| 5/27/10 | telcons (4 ea.) with client's sisters and former girlfriend re: recovering client's personal property and scheduling conference this afternoon about pretrial matters | 0.5 hours (Reduced to 0.2) |

[1]

The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

-7-

| 5/27/10 | conference with client's sisters and former girlfriend at sister's residence re: status of case, recovering client's personal property, potential for them to serve as defense character witnesses, potential trial exhibits, and other matters | 1.7 hours (Reduced to 1.0) |
|---------|---|---|
| 6/18/10 | conference with client's family at courthouse after trial re: results of trial, sentencing issues, post-trial motions, and appellate issues | 0.3 hours (Eliminated) |
| 8/25/10 | draft letter to client's family re: change in sentencing hearing date and other matters | 0.1 hour (Eliminated) |
| 9/3/10 | telcon with client's former wife re: contin-uation of sentencing hearing, forfeiture issues, client's assets, and daughter's vehicle in forfeiture negotiation | 0.2 hours (Eliminated) |
| 9/8/10 | conference with client's family members after sentencing hearing re: appellate procedures and other matters, including disposition of property for client's minor children | 0.2 hours (Eliminated) |

I recommend that the above entries be reduced or eliminated because the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court explains that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." Thus, time spent by Counsel explaining the litigation process to Defendant's family members or "hand holding" Defendant's family members is not compensable because it is not time which contributed to Defendant's

defense.

I find, however, that the remaining out-of-court hours (as adjusted by the CJA administrator) in the voucher application are appropriate. Factoring in the deductions listed above, I recommend that Counsel should be paid $39,877.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar*, 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $39,877.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

## Expenses

Counsel sought $35.34 in "Other Expenses." The CJA administrator made no change to this amount. I hereby approve this amount.

## CONCLUSION
.

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. I especially commend Counsel for his willingness to police his own fees and to take the initiative to conserve taxpayer funds when possible. As Counsel mentions in his Motion, Counsel engaged the services of a private investigator at a lower hourly rate to help him to "review [the] extensive discovery materials and to go over them with [Defendant]. By utilizing [the investigator's] services, billed at the CJA rate of $40 per hour instead of the attorney rate of $110/$125 per hour, substantial savings to the CJA were realized in the area of discovery review and pretrial preparation." (Motion at 2, footnote 2). The Court greatly appreciates Counsel's efforts in this regard.

Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

-10-

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Ex-parte Motion For Approval of Attorney's Fees in Excess of Criminal Justice Act Cap and Memorandum of Law in Support, the docket and filings in this case, I RECOMMEND that Counsel be paid $51,216.34 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this ___ day of January, 2011.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Martin Feigenbaum, Esq.
Lucy Lara, CJA administrator