**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20673-CR-GRAHAM**

**UNITED STATES OF AMERICA,**

v.

**LEON ANTHONY FREDERICK,**

        **Defendant.**

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR IMPOSITION OF A REDUCED
SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response in opposition to Leon Frederick's motion for imposition of a reduced sentence pursuant to Section 404 of the First Step Act (DE 2146) and states as follows:

## BACKGROUND

**A. Conviction, Sentence and Direct Appeal**

    On June 23, 2010, Frederick was convicted by a jury of 20 narcotics offenses, including the following: conspiracy to possess with intent to distribute "a controlled substance" otherwise described as "five kilograms or more" of cocaine and "fifty grams or more" of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1); all in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute "a controlled substance [involving] fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine," in violation of 21 U.S.C. § 841(a)(1) (Counts 10 and 31); possession with intent to distribute "a controlled substance [involving] five grams or more of a mixture and substance

containing a detectable amount of cocaine base, also known as crack cocaine," in violation of 21 U.S.C. § 841(a)(1) (Counts 19, 28, 30, and 39); possession with intent to distribute "a controlled substance [involving] a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine," in violation of 21 U.S.C. § 841(a)(1) (Counts 11-13, 16-18, 20, and 35); possession with intent to distribute "a controlled substance [involving] five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 21, 23-24, and 41); possession with intent to distribute "a controlled substance [involving] a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 22); (DE 811; DE 1177; DE 1324; PSI ¶¶ 1-2). The Indictment specified the following penalty provisions: Section 841(b)(1)(A)(ii) and (iii); Section 841(b)(1)(B)(ii) and (iii); and Section 841(b)(1)(C) (DE 811). Frederick was subject to the Enhanced Penalty provision of 21 U.S.C. § 851 (DE 1088; PSI ¶ 6).

The PSI calculated Frederick's base offense level at a level 36[1] based upon the combine amount of crack cocaine and cocaine involved – specifically 27 kilograms of crack cocaine and 43 kilograms of cocaine (PSI ¶ 123). Then the base offense 38 was combined with a four-level enhancement for Frederick's role in the offense resulting in an adjusted offense level of 40 (PSI ¶¶ 126, 128).

---

[1] The guideline for these narcotics offenses in 2010 was USSG § 2D1.1, pursuant to comment n. 10(D)(i) when an offense involves cocaine base and another controlled substance, each of the drugs was converted to its marijuana equivalent and the totals were combined to obtain a combined offense level ("COL"). The COL was then reduced by two-levels, so long as the resulting COL is not less than the total offense level for the non-crack substances. In this instance, the combined marijuana equivalents resulted in an offense level of 38, which after the two-level reduction, yielded a COL of 36. In this instance, the marijuana equivalent of 27,000 grams of crack cocaine was 540,000 kilograms and the marijuana equivalent of 43,000 grams of cocaine was 8,600 kilograms for a combined total of 548,600 kilograms. This resulted in a base offense level of 38, which was then reduced by two levels because of comment 10 (PSI ¶ 123).

The PSI further designated Frederick as a career offender pursuant to USSG § 4B1.1 (PSI ¶ 129), based upon two prior narcotics convictions (PSI ¶¶ 143-44). However, because Frederick's adjusted offense level of 40 was greater than the career offender level of 37, the PSI set the total offense level at 40 (PSI ¶ 129). The PSI next determined that although Frederick had 4 criminal history points, his classification as a career offender resulted in a criminal history category VI (PSI ¶ 147-48). Based on Frederick's total offense level of 40 and criminal history category of VI, the PSI stated that the resulting guideline range was 360 months to life imprisonment (PSI ¶ 193), but pursuant to USSG §§ 4B1.1(c)(2)(A) and 5G1.2(e), the applicable guideline sentence was 444 months to life imprisonment (PSI ¶ 101). However, after an objection by the government, the Second Addendum to the PSI noted that the statutory mandatory minimum term of imprisonment was life under Sections 841(b)(1)(A) and 851, not 444 months (Second Addendum; Statement of Reasons). Frederick did not object to the amount of crack cocaine or cocaine set forth in the PSI but did object to the failure to apply the Fair Sentencing Act ("FSA") and to the use of any ratio of greater than 1 to 1 between crack and cocaine guidelines (DE 1239, n. 3).

On September 9, 2010, the Court conducted the first of two sentencing hearings (DE 1418). The Court overruled Frederick's objections to the entirety of the offense conduct (*id*. at 10). At sentencing, Frederick's counsel reiterated his request for the application of the FSA and even argued that Frederick should be sentenced on the crack offense at a one-to-one ratio with cocaine. The Court declined Frederick's request for the application of the FSA, as well as his request for a 1 to 1 ratio between crack cocaine and cocaine be used to determine the base offense and that the higher drug quantities be required for applicable mandatory minimum sentences (*id*.).

At the second sentencing hearing, held on September 10, 2010, the Court sentenced Frederick to life imprisonment, with the term consisting of 360 months as to Counts 11-13, 16-24,

3

28, 30, 33, 39, and 41; life as to Counts 1, 10, 31; 120 months as to Count 43; and a consecutive term of 60 months as to Count 42 (DE 1420:16; DE 1324).

In his direct appeal, Frederick did not challenge the drug quantities established in the PSI (43 kilograms of cocaine and 27 kilograms of crack), the application of the Sentencing Guidelines to those quantities of narcotics, nor the failure to apply the FSA. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence (DE 1766).

### B.  § 2255 Motion

On August 29, 2014, Frederick filed a *pro se* motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, claiming, among other things, that his counsel was ineffective for failing to request sentencing pursuant to the FSA (DE 1814). The district court denied Frederick's motion on December 14, 2015 (DE 1899). The district court adopted the reasoning of the Magistrate Judge who held that Frederick's counsel specifically, and on more than one occasion, requested the application of the FSA to Frederick's sentencing (14-CV-23225 DE 32:31). The Magistrate Judge further found that, even if Frederick's counsel had not made such requests, FSA was inapplicable to Frederick because he had been sentenced as a career offender, and under then existing Eleventh Circuit caselaw FSA was specifically not applicable to career offenders (*id.*). *See also United States v. Tellis*, 748 F.3d 1305, 1307-09 (11th Cir. 2014). On August 28, 2017, the Eleventh Circuit affirmed the denial of Frederick's § 2255 motion and found that Frederick's counsel had requested sentencing pursuant to the FSA, thus his conduct was not ineffective (14-CV-23225 DE 47:11).

### C.  Instant Motion for Reduction Pursuant to the First Step Act

On May 29, 2019, Frederick filed the instant motion to reduce sentence arguing he was entitled to a reduction of his sentence pursuant to the First Step Act of 2018 (DE 2146).

4

## ARGUMENT

Title 18, United States Code, Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise authorized by statute . . ..." On December 21, 2018, the First Step Act of 2018 (the "First Step Act") became law. Section 404(b) of the First Step Act provides:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 2 of the Fair Sentencing Act increased the threshold amount of cocaine base in 21 U.S.C. §§ 841(b)(1)(A)(iii) and 960(b)(1)(C) from 50 grams to 280 grams and increased the threshold amount of cocaine base in 21 U.S.C. §§ 841(b)(1)(B)(iii) and 960(b)(2)(C) from 5 grams to 28 grams. Section 3 of the Fair Sentencing Act did away with the mandatory minimum sentence for possession of cocaine base in 21 U.S.C. § 844(a). Section 404(c) makes clear that any sentence reduction is discretionary, stating, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

Here, although the defendant was convicted of 20 narcotics offenses, at least seven of those offenses are not a "covered offense" under the First Step Act. None of the following offenses would be a "covered offense":

5

- One count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii) and 846;

- Five counts of possession with intent to distribute "a controlled substance [involving] five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) (Counts 21, 23-24, and 41); and

- One count of possession with intent to distribute "a controlled substance [involving] a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 22).

(DE 811; DE 1177; DE 1324; PSI ¶¶ 1-2).  It is undisputed that nothing in the First Step Act modified the statutory penalties for offenses involving cocaine.  It is also undisputed that Frederick was convicted of at least seven cocaine offenses and that those offenses involved more than 43 kilograms of cocaine, which was well above the 5 kilogram level set forth in 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and well above the 450 kilograms level necessary for a base offense level of 38.  Thus, the defendant would not be eligible for a reduced sentence under the First Step Act for any of the cocaine offenses.

However, setting aside the cocaine convictions, nothing in the Fair Sentencing Act modified the statutory penalties for a "violation" of Section 841(a)(1) or Section 846 involving 280 grams or more of crack cocaine.  While the indictment did not specify that any of the offense involved more than 280 grams crack cocaine, it clearly specified that two of the offenses involved at least 50 grams of crack cocaine, four involved at least 5 grams of crack cocaine and eight involved a detectable amount of crack cocaine.  Moreover the district court plainly found that

6

Frederick's "violations," in total, involved more than 280 grams of crack cocaine by its finding that more than 27 kilograms of crack cocaine were possessed and distributed through the course of Frederick's criminal conduct (PSI ¶ 123; DE 1420:14).

Even if this Court had jurisdiction to reduce the defendant's sentence under the First Sentencing Act *merely* because he was convicted of an offense involving crack cocaine – and the government asserts that it does not – the First Step Act only authorizes a court to reduce a defendant's sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Here, the Fair Sentencing Act would have had no impact on the defendant's sentence in light of the extraordinary quantity of crack cocaine.

As stated previously, Frederick was convicted, in 2010, of twenty narcotics offenses (DE 1177; DE 1324; PSI ¶¶ 1-2) and the actual weight of the drugs involved in Frederick's offenses of conviction was "27,000 grams of cocaine base" and "43,000 grams of cocaine" (PSI ¶ 123), which Frederick disputed in his objections at the time of sentencing (DE 1239), but his objections were overruled (DE 1418:10). Furthermore, Frederick met the criteria for a career offender pursuant to USSG § 4B1.1 (PSI ¶ 129). His statutory mandatory minimum sentence was life imprisonment pursuant to 21 U.S.C § 841(b)(1)(A), and the statutory term of supervised release was 10 years to life (Second Addendum; Statement of Reasons). Because Frederick's statutory mandatory minimum term of imprisonment was life, his career offender base offense level was 37 (PSI ¶ 129). However, in light of the quantity of narcotics involved in the offense and his role in the offense, Frederick's total offense level was 40 (PSI ¶ 129).

Had Section 2 of the Fair Sentencing Act been in effect at the time of Frederick's sentencing, it would have had no impact on his sentence. Because Frederick was sentenced pursuant to the statutory mandatory minimum term of imprisonment and that term of imprisonment would remain

7

life imprisonment under the Fair Sentencing Act, at best there would be no change to his guideline range, his sentencing range or his career offender base offense level. Nothing in the First Step Act would impact that analysis, and the sentence resulting from that analysis should not be reduced as Frederick is not eligible for a reduction of his sentence.

In truth, if Frederick were resentenced pursuant to the First Step Act and under the current Sentencing Guidelines, his offense level would be higher than under the original guidelines. When Frederick was sentenced, he received a 2-point reduction under 2D1.1 cmmnt. N. 10(D)(i) because the total drug weight was determined by combining the quantity of crack cocaine with quantity of cocaine involved in the offense. As stated previously, that sentencing reduction no longer exists. While amendments to the guidelines would result in his total combined drug weight being reduced from 548,600 kilograms of marijuana down to 105,017 kilograms of marijuana, that would still result in a base offense level of 38. So without the 2-point reduction under n.10(D)(i) and with the 4-level role adjustment, Frederick would have a total offense level of 42 if sentenced today.

Frederick also argues that the Court erred by increasing his career offender base offense level by 4 points based on his leadership role. Setting aside the fact that the First Step Act would not afford the court jurisdiction to correct that "error," he is simply wrong. The PSI determined that Frederick was one of the primary distributors and leaders of this drug trafficking organization ("DTO") and that he arranged the purchases of cocaine, which were subsequently converted to crack cocaine (PSI ¶ 91). The PSI found that Frederick supervised and directed other members of the DTO. As such, the Court properly applied the 4-points role enhancement to his base offense level (36), which had been determined based on the amount of narcotics involved (548,600

8

kilograms of marijuana), resulting in a total offense level of 40, which was greater than his career offender base offense level (37) and, therefore, became the operative offense level.

Frederick also argues that he is no longer a career offender because his prior offenses are no longer qualifying predicates in the wake of *United States v. Townsend*, 897 F.3d 66 (2nd Cir. 2018). However, while the First Step Act does not give this Court jurisdiction to consider that argument; nonetheless the argument is meritless. *Townsend* stands for the proposition that when a state controlled substance offense involves a substance that is not outlawed by the federal Controlled Substances Act (in that case HGH), it is not a viable career offender predicate. The Eleventh Circuit, albeit in an unpublished, has rejected that argument, finding that where, as here, the state offenses involved cocaine, the logic underlying *Townsend* does not apply. *United States v. Howard*, -- F. App'x --, 2019 WL 1468295, * n. 5 (11th Cir. April 2, 2019).

Simply put, Frederick is not eligible for a reduction pursuant to the First Step Act. In light of the quantity of narcotics involved in his violations, the at least some of the offenses of conviction would not be "covered offenses" and thus the sentence as to those offense can not be reduced. Furthermore, even as to the offenses that might come with the First Step Act review would not resulted in a lowered sentencing guideline range but rather an increased range. Accordingly, Frederick is not eligible for a reduction of his sentence.

## CONCLUSION

WHEREFORE, because the retroactive application of the Fair Sentencing Act has no effect on the defendant's statutory mandatory minimum term of imprisonment, maximum statutory term of imprisonment, statutory maximum term of supervised release, nor does it lower his guideline range, the motion should be DENIED.

    Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: /s/ *Andrea G. Hoffman*
Andrea G. Hoffman
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9066

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and was served via United States Mail on: Leon Anthony Frederick, Pro Se, Reg. No.: 86340-004, USP Coleman II – Inmate Legal Mail, P.O. Box 1034, Coleman, Florida 33521.

/s/ *Andrea G. Hoffman*
Andrea G. Hoffman
Assistant United States Attorney